IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICKY A. SANDERS,

                                                            ORDER

                  Petitioner,

                                                         10-cv-173-slc[1]

      v.

CAROL HOLINKA, Warden,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Ricky A. Sanders has filed petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is in custody in violation of federal law because he was not given due process before his parole was revoked and his appeal of the revocation was not decided in a timely manner. On April 23, 2010, I ordered respondent Holinka to file a response to this petition showing cause, if any, why this writ should not issue on this claim. However, shortly after that, respondent sought a stay, which I granted because it appeared that the Commission had accepted an appeal from petitioner's counsel in those proceedings after the first appeal had gone missing in action. Now before the court is respondent's

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

motion to dismiss the petition for failure to exhaust or on the ground that it is now moot. I will grant the motion to dismiss on mootness grounds.

Petitioner brought this habeas petition to challenge the finding of the hearing examiner that petitioner had violated parole on "Charge No. 1" for possession of cocaine and possession of intent to deliver cocaine. Although he was also found to have violated parole on "Charge No. 3" for using dangerous and habit forming drugs, he admitted as much to the examiner and did not pursue habeas relief for that violation. As mentioned above, the Commission accepted a second appeal while this case was pending. Now it has reversed the hearing examiner's findings of violation on the charges petitioner was challenging and set a parole date for 16 months after petitioner began serving for his violation, which petitioner admits is within the guidelines range. Dkt. #3.

There is nothing left to do in this case. Petitioner has prevailed before the Commission on the claims he brought here and he has been resentenced according to the guidelines for the violation that he does not challenge. Petitioner takes issue with the new sentence, suggesting that, for his troubles, he should have received a new sentence closer to the minimum sentence, but that is not an issue he can pursue in the context of this case and it is not one this court could order.

This case is moot for another reason, as well. Petitioner filed this case once he had neared the end of what his sentence would have been had he been sentenced only for using

2

dangerous and habit forming drugs.  After he prevailed on appeal and he was resentenced, there remained but a small window of time to await his new parole date, which was set for July 25, 2010.  That date has just passed.  I will dismiss the petition for a writ of habeas corpus as moot.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Ricky A. Sanders is DISMISSED as moot.  The clerk of court is directed to enter judgment in favor of respondent Carol Holinka and close this case.

Entered this 27th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge